## McPhee *vs.* Veal.

Refusal of Injuction, from Fulton. Title. Tax. Levy and Sale. Injunction. (Before Judge Clarke.)

Jackson, C. J.—1. The sworn bill and answer being conflicting, and neither exhibiting written title to the lot which formed the subject matter of the controversy, there was no abuse of discretion in refusing to enjoin its sale under a *fi. fa.*

2. Even if the complainant had showed a better title than the defendant in *fi. fa.*, an injunction should not have been granted to stop a sale, under an execution against the defendant in *fi. fa.* for laying curbing and pavement on the sidewalk in front of the property in dispute, the ground of equity being that complainant had brought suit against the defendant for the land, that the city had issued the *fi. fa.*, and complainant had tried to buy it by offering the principal and interest, but the marshal refused to transfer it to him, but sold and transferred it to another, who was colluding with the defendant in *fi. fa.*, and pressing the sale. If the complainant owned the lot, he should have paid the amount due for paving its sidewalk; if he did not own it, he had no interest in it, nor in the debt or lien thereon; and he did not need a transfer to protect his rights.

Judgment affirmed.

Reed, Reinhard & O'Neil, for plaintiff in error.

Candler, Thomson & Candler, for defendant.

---

## Schmidt *vs.* Block.

Case, from Fulton. Pleadings. Master and Servant. Torts. Negligence. Notice. (Before Judge Hammond.)

Jackson, C. J.—While the original declaration in this case was confused and not as plain and distinct as the law requires, yet the amendment does set up clearly two causes of action, in that it alleges both improper and negligent rules by defendant for working the elevator where the injury sued for occurred, and the defective machinery of the elevator itself, as a negligent act of his, and ignorance thereof by the plaintiff, as the cause of the disaster.

(a) Where knowledge is essential to charge the master, negligent ignorance is equivalent to knowledge. 2 Thomp. Neg. 994; Shear and Redf. Neg. 93.

Judgment reversed.

E. A. Angier; King & Spalding for plaintiff in error.

Mynatt & Howell, for defendant.